**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| Sabrina Veney, as parent and legal guardian of J.V., a minor, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br><br>Credit Control Services, Inc. d/b/a Credit Collection Services,<br><br>Defendant(s). | C.A. No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Sabrina Veney, as parent and legal guardian of J.V., a minor (hereinafter "Plaintiff"), brings this Class Action Complaint by and through Plaintiff's attorneys, Garibian Law Offices, P.C., against Defendant Credit Control Services, Inc. d/b/a Credit Collection Services (hereinafter "Defendant" or "CCS"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION**

1.  Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to

1

material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the FDCPA. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Delaware consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA.

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Delaware, County of New Castle,.

8. Defendant CCS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for process service care of The Corporation Trust Company, 1209 North Orange Street, Wilmington, Delaware 19801.

9. Upon information and belief, Defendant CCS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the state of Delaware;

    b. to whom Defendant CCS sent a collection letter attempting to collect a consumer debt;

    c. addressed to a minor (who is not legally the responsible party);

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

 a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above are so numerous that joinder of all members would be impractical.

 b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is \whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. § 1692e and §1692f.

 c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims

      arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20. Some time prior to March 20, 2023, an obligation was allegedly incurred to non-party creditor, Labcorp.

21. The Labcorp obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes, specifically, healthcare services.

22. The alleged Labcorp obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

23. Labcorp is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

24. Upon information and belief, Labcorp contracted with Defendant CCS to collect the alleged debt.

25. Defendant collects and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violations - Collection Letter*

26. On or about March 20, 2023, Defendant CCS sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Labcorp. **See Exhibit A.**

27. The Letter sets forth that it "is an attempt to collect a debt."

28. The Letter sets forth that Defendant "is a debt collector."

29. This collection Letter was addressed to "J.V."

30. However, J.V. was and remains to be a minor.

31. Moreover, the Letter makes no reference to medical insurance, although duly supplied at all relevant times.

32. As the Plaintiff was a minor, he/she could not legally have entered into a contract for the services rendered and could not be responsible for the alleged debt.

33. Defendant's attempt to collect a debt from the Plaintiff, who was not the proper responsible party for the debt, was an illegal practice.

34. Defendant's attempt to collect a debt from the Plaintiff, who was not responsible for the debt, is a false representation of the character and legal status of a debt.

35. Defendant's attempt to collect a debt from the Plaintiff, who was not responsible for the debt, constitutes a threat to take an action that cannot legally be taken or that is not intended to be taken because the Defendant cannot collect a debt from a minor.

36. Defendant's attempt to collect a debt from the Plaintiff, who was not responsible for the debt, constitutes harassment and the use of unfair and unconscionable means to collect a debt.

37. Defendant's attempt to collect a debt from the Plaintiff, who was not responsible for the debt, was deceptive and misleading and caused the Plaintiff to be upset and uncertain about the status of the debt and credit score.

38. Defendant's omissions and misrepresentations cast a negative shadow over its debt collection practice in general.

39. When they go astray, debt collectors often introduce a tacit element of confusion into their collection letter to leave the consumer somewhat uninformed.

40. This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

41. To that end, one important element of consumer protection revolves around keeping the consumer informed.

42. When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field.

43. However, when a debt collector withholds key information about a debt from the consumer, they encourage rash decision-making and consumers are left without any power to face a debt collector in a meaningful way.

44. Accordingly, when a consumer is faced with something less than the total story behind owing a debt, they often give up and choose to pay an unwarranted debt to avoid further trouble.

45. As a result of the Defendants' FDCPA violations, Plaintiff was unable to evaluate the options of how to handle this debt.

46. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

47. This was spent this trying to determine from which component parts this debt was comprised.

48. This was spent trying to determine how this debt came to be the alleged balance despite the missing information in the Letter.

49. This was spent this trying to figure out if the Letter was in fact just a scam or whether it was based on a real debt.

50. This was spent trying to mitigate financial harm in the form of dominion and control over funds.

51. This was spent trying to mitigate harm in the form of the Defendant's negative credit information furnishment concerning the collection, and ultimate dissemination to third parties, to the financial and reputational detriment of the Plaintiff.

52. This was spent trying to mitigate harm in the form of the Defendant's intrusion upon the seclusion of the Plaintiff as a minor.

53. Defendant's improper acts caused the Plaintiff to suffer reputational harm.

54. Defendant's improper acts caused the Plaintiff to suffer financial harm.

55. Defendant's improper acts caused the Plaintiff emotional harm with physical manifestations.

56. These violations by the Defendant were knowing, willful, negligent, and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid such violations.

57. Knowing the state of affairs and the swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

58. As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, defamation, invasion of privacy and conversion.

59. Defendant's debt collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

60. Defendant's violations were materially deceptive because they are likely to affect the Plaintiff's choice or conduct regarding how to respond to an outstanding debt claim and are likely to mislead the Plaintiff acting reasonably under the circumstances.

61. Specifically, Defendant's careless and unfair representations and/or omissions with respect to its collection efforts were material deceptions that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts.

62. Plaintiff was misled to a detriment by the statements in the Letter and relied on the contents of the Letter to a detriment.

63. Because of the Defendant's actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were prioritized elsewhere.

64. Plaintiff has suffered emotional distress, including, but not limited to, shock and increased heartrate, because of the Defendant's deceptive representations and/or omissions concerning the character and amount of the debt.

65. Plaintiff has suffered wasted time and annoyance because of the Defendant's deceptive representations and/or omissions concerning the character and amount of the debt.

66. Plaintiff has expended, and continues to expend, time and money because of the Defendant's deceptive representations and/or omissions concerning the character and amount of the debt.

67. As a result of Defendants deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

68. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

69. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

70. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

71. Defendant violated §1692e:

   a. As the Letter was addressed to the improper party (a minor) and failed to include any reference to medical insurance coverage/application;

   b. By making a false representation concerning the character, amount, or legal status of the debt in violation of §1692e(2)(a);

   c. By threatening to take any action that cannot legally be taken or that is not intended to be taken in violation of §1692e(5);

   d. By communicating or threatening to communicate to any person credit information which is known or which should be known to be false in violation of §1692e(8);

   e. By making a false and misleading representation in violation of §1692e(10).

72. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

73. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

74. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

75. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

76. Defendant violated this section by falsely threatening the minor and the non-responsible party that a debt was owed and would be collected.

77. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

78. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Sabrina Veney as parent and legal guardian of J.V., a minor, individually and on behalf of all others similarly situated, demands judgment from Defendant CCS as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Antranig Garibian, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esq. (Bar No. 4962)
Brandywine Plaza East
1523 Concord Pike, Suite 400
Wilmington, DE  19803
(302) 722-6885
ag@garibianlaw.com
*Attorneys For Plaintiff*